SENECA HILLS SERVICE COMPANY, APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE.

(No. 78-15—Decided December 7, 1978.)

*Mr. Earl T. Longley* and *Mr. James H. Callard,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Marvin I. Resnik,* for appellee.

*Per Curiam.* The sole issue raised by the instant cause is whether the commission abused its discretion when it refused to extend the deadline in which to apply for a permanent rate increase and to allow emergency rate relief beyond March 31, 1977.

The power of the commission to grant emergency rate increases is set forth in R. C. 4909.16. That statute provides:

"When the public utilities commission *deems it necessary* to prevent injury to the business or interests of the public or of any public utility of this state in case of any emergency to be judged by the commission, it may temporarily alter, amend, or, with the consent of the public utility concerned, suspend any existing rates, schedules, or order relating to or affecting any public utility or part of any public utility in this state. Rates so made by the commission shall apply to one or more of the publc utilities in this state, or to any portion thereof, as is directed by the commission, *and shall take effect at such time and remain in*

*force for such length of time as the commission pre-*
*scribes."* (Emphasis added.)

R. C. 4909.16 grants the commission the power, when-
ever it "deems it necessary," to determine both the need
for an emergency rate increase and the length of time that
increase will be in effect. The power to establish those
rates and to place time limitations on them is, therefore,
within the sound discretion of the commission. See *Manu-
facturers Light & Heat Co.* v. *Pub. Util. Comm.* (1955),
163 Ohio St. 2d 78; and *Cambridge* v. *Pub. Util. Comm.*
(1953), 159 Ohio St. 88, paragraph one of the syllabus.

In its December 1976 order, the commission placed a
time limit on Seneca Hills' right to emergency rate relief.
Under that order the utility could not bill at the emergency
rate for services provided after March 31, 1977, unless it
applied for a permanent rate increase by October 1, 1977.
The commission originally granted emergency relief and
gave the utility time to apply for a permanent rate in-
crease because it wanted to avoid burdening the utility's
customers with the expense of multiple rate cases and be-
cause it feared that, without the results of certain engineer-
ing studies concerning capital improvements, Seneca Hills
could not establish an accurate rate base. The commission
limited that time, however, because it did not view "emer-
gency rate relief as a substitute for permanent rate re-
lief * * *."

More than nine months later, the commission refused
to extend that deadline and to allow emergency relief be-
yond March 1977, apparently because it felt that the utili-
ty's customers would suffer more from the immediate cost
of emergency rates applied without benefit of a permanent
rate increase hearing than from the possible future ex-
pense of multiple rate hearings. (The commission's Nov-
ember 1977 entry explained that emergency rate relief is
not a substitute for permanent rates and that the utility
failed to complete its capital improvements and to compute
that portion of its rate base within the time originally
granted. The entry also concluded that the utility's Tangle-

wood customers were entitled to the benefit of a permanent rate increase hearing before paying additional emergency rates.)

Neither order—the first one placing a deadline on emergency relief or the second one refusing to extend that deadline— constituted an abuse of discretion. Emergency rate relief cannot be a substitute for permanent rate increases. The very language of R. C. 4909.16 makes that clear. Emergency rates are *temporary*. Moreover, once the utility failed to resolve its capital improvements problem within one deadline, the commission could reasonably determine that it might fail again within a second, and that its customers would suffer more from continuing to pay emergency rates without the benefit of a permanent rate increase hearing than from the future possibility of bearing the expenses of multiple rate cases. It is established law in Ohio that this court will not substitute its judgment for that of the commission unless the commission's order is unreasonable and unlawful. *Cleveland Elec. Illuminating Co* v. *Pub. Util. Comm.* (1976), 46 Ohio St. 2d 105, 108; *Ohio Bus Line* v. *Pub. Util. Comm.* (1972), 29 Ohio St. 2d 222; R. C. 4903.13.

The order of the commission being reasonable and lawful, it is hereby affirmed.

*Order affirmed.*

LEACH, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.